**STATE of Missouri, Respondent,**

v.

**Cephus REED, a/k/a Cephus L. B. Reed, Appellant.**

**No. 53978.**

Supreme Court of Missouri, Division No. 2.

Dec. 8, 1969.

Judgment reversed and cause remanded.

John C. Danforth, Atty. Gen., Thomas L. Patten, Asst. Atty. Gen., Jefferson City, for respondent.

Louis Wagner, Kansas City, for appellant.

STOCKARD, Commissioner.

Defendant was prosecuted by amended information under the Second Offender Act (§ 556.280 and § 556.290 RSMo 1959, V.A.M.S.) for an unlawful sale on July 12, 1967 of marijuana to James Pollard. He was found guilty by a jury, sentenced by the court to imprisonment for ten years, and he now appeals.

On this appeal there is no challenge to the sufficiency of the evidence. We need only state that although defendant testified and denied his guilt the evidence clearly authorized a finding that on July 12, 1967, defendant sold some marijuana to James Pollard and received therefor $10 of marked money.

We shall consider first defendant's contention that the trial court erred in permitting the State "to introduce evidence of separate and distinct crimes which were unrelated to the cause on trial."

James Pollard, to whom defendant was charged with having made an illegal sale of marijuana, was what is commonly called an informer. He was working with Keith L. Fieger, an agent for the federal Bureau of Narcotics. Mr. Pollard first testified that on July 12, 1967, Mr. Fieger gave him ten dollars of marked bills, and that he went to defendant's apartment and purchased a bag of marijuana with that money. He then returned to Mr. Fieger and gave him the marijuana and it was placed in an envelope and initialed. Mr. Pollard was then asked if he saw Mr. Fieger on June 13, 1967, and he said that he did. He stated that on that date he called Mr. Fieger and told him that he could purchase marijuana from defendant, and that on June 14, after searching for defendant at several places, he went to defendant's

apartment and purchased from him two ten dollar bags of marijuana. At this point defendant's counsel interrupted and objected "to this testimony as not being within the allegation of the information" and because it showed "a prior sale without any charge lodged against him." As noted, the amended information charged defendant with making a sale of marijuana to James Pollard on July 12, 1967. Counsel for the State argued to the court that "evidence of prior sales is admissible to show a course of conduct and to show that this defendant committed this crime with knowledge and intent and shows there is a motive to make the sale on the occasion for which he was charged, [and it] further shows a positive identification of the defendant." Defendant's objection was overruled. The witness then restated his testimony that he had purchased marijuana from the defendant on June 14, and that he took the marijuana to Mr. Fieger where it was placed in an envelope and initialed. Subsequently the two bags of marijuana were admitted into evidence.

■ It is the well established general rule that proof of the commission of separate and distinct crimes by the defendant is not admissible, unless such proof has a legitimate tendency to establish defendant's guilt of the charge for which he is on trial. State v. Selle, Mo., 367 S.W.2d 522, 529; State v. Shilkett, 356 Mo. 1081, 204 S.W.2d 920, 922–923. It has been said that " 'Generally speaking, evidence of other crimes is competent to prove the specific crime charged when it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that the proof of one tends to establish the other; (5) the identity of the person charged with the commission of the crime on trial.' The test of whether evidence of other distinct crimes falls within any of these exceptions has been aptly stated as follows: 'The acid test is its logical relevancy to the particular excepted purpose or purposes for which it is sought to be introduced. If it is logically pertinent in that it reasonably tends to prove a material fact in issue, it is not to be rejected merely because it incidentally proves the defendant guilty of another crime.' " State v. Reese, 364 Mo. 1221, 274 S.W.2d 304, 307.

■ We can find no justifiable reason for the admission in evidence of the separate and distinct sale of marijuana by defendant to James Pollard on June 14, 1967. What the State's attorney did was to recite to the trial court several exceptions to the general rule of exclusion without any attempt whatever to show that the evidence came within the exceptions, and in fact it did not. Proof of the separate and distinct sale on June 14 did not tend to prove any material fact in issue concerning the sale on July 12. It was not relevant to prove the identity of defendant. See State v. Reese, supra. The proof of the sale on June 14 did not show acts which were so related to the sale on July 12 that the proof of first tended to establish the latter, and the act of the sale on July 12, if defendant made such sale, needed no explanation to indicate motive or intent. See State v. Spinks, 344 Mo. 105, 125 S.W.2d 60, 64; and the discussion in State v. Shilkett, supra. This is simply a case where the prosecutor sought to and did show that defendant had committed a crime with which he was not charged, and the proof of the acts which constituted that crime did not in any way tend to prove any fact in issue relative to the commission of the crime charged. This falls precisely within the general rule of exclusion, and not within any of the recognized exceptions. The admission of the evidence over objection was prejudicial error.

In view of the result reached we need not rule on the alleged error resulting from oral argument. Also, the challenge to the method of selection of the jury was not directly or indirectly mentioned in the motion for new trial, and therefore is not preserved for appellate review.

The judgment is reversed and the cause remanded.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.