**STATE of Missouri, Plaintiff-Respondent,**

v.

**Jerry PRIER, Defendant-Appellant.**

No. 10391.

Missouri Court of Appeals, Springfield District.

Jan. 13, 1978.

Motion for Rehearing or Transfer Denied on Jan. 30, 1978.

Application to Transfer Denied March 13, 1978.

---

John B. Newberry, Springfield, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before STONE, P. J., and HOGAN and FLANIGAN, JJ.

FLANIGAN, Judge.

A jury convicted defendant-appellant Jerry Prier of three offenses, each involving the sale of a controlled substance (§ 195.020 as amended L.1971),[1] and he was duly sentenced. Each offense was charged in a separate count in the same information.

On this appeal defendant's sole "point relied on" is that the trial court erred in permitting, over the objection of the defendant, the three offenses to be tried before the same jury. It is the position of defendant that Rule 24.04 did not permit the joinder of the instant three offenses in one information. It is the position of the state that joinder of the three offenses in one information was proper under Rule 24.-04 and that the trial court did not err in permitting the joint trial.

Before the trial the defendant, by motion, objected to the joinder of the three offenses in one information and objected to their

joint trial. The objections were renewed in a motion made by defendant during the trial and in his post-trial motions. The brief of the state concedes that the motions were timely and in proper form.

Rule 24.04 provides, in pertinent part: "*All offenses which are based* on the same act or on two or more acts which are part of the same transaction or *on two or more acts or transactions which constitute parts of a common scheme or plan* may be charged in the same indictment or information in separate counts, or in the same count when authorized by statute . . ." (Emphasis added) It is the position of the state that the italicized portion of the rule authorized the joinder of the three offenses in one information. The state does not seek to justify the joinder on any other basis.

The information in the case at bar charged the defendant with three unlawful sales of controlled substances, each offense occurring in Greene County. The three offenses were as follows: March 12, 1975— "3,4-methylenedioxy amphetamine"— (Count III); March 20, 1975—"marijuana" —(Count I); May 9, 1975—"cocaine"— (Count II).

The state's evidence showed that each of the three sales was made to Donald Lipp, a corporal of the Missouri State Highway Patrol. Lipp was working "under cover," that is, "in civilian clothes, with a longer type of hair, usually with a beard and moustache, usually working narcotics on the street, attempting to make drug purchases."

On March 12, 1975, Lipp, with two confederates Ingram and Dowdy, went to the home of defendant at 1222 N. Forest in Springfield. Lipp was introduced to defendant by Ingram as being Ingram's cousin, "Clint Powers" from Kansas City. Lipp told defendant that he was interested in buying some drugs. Defendant said that he knew a person, one Mike Davis, who had some drugs the evening before and suggested that the two men go to see if that person had any left. Lipp and defendant went in

---

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Criminal Procedure, V.A.M.R., and all references to statutes are to RSMo 1969, V.A.M.S.

Lipp's car to the 900 block on East Elm. While Lipp waited in the car, defendant went into an apartment building, obtained from Davis a quantity of the drug named in Count III, and gave it to Lipp in return for $175.

On March 20, 1975, about 8:30 p. m., Lipp drove to defendant's house. Defendant told Lipp that a man was coming over with a pound of marijuana at 9 p. m. and asked Lipp if he was interested in buying some. Lipp said that he was interested. At 9 p. m. a man arrived with a quantity of marijuana. The record shows that the man was introduced to Lipp as Boyd, but he was Jay Manning. Defendant and "Boyd" placed some of the marijuana in eight small plastic bags. The bags were placed in a paper sack which was delivered to Lipp in return for $80.

While they were together on March 20 defendant gave Lipp his telephone number and, according to Lipp, "told me that any time I was in town, if I could not go by, to call him, that if he did not have anything in the narcotic line that he could locate some for me."

On May 9, 1975, about 7 p. m., Lipp telephoned defendant who asked Lipp if he was interested in purchasing some cocaine and, if so, to call him back. At 8:35 p. m. Lipp telephoned defendant who told him that a man was coming over with a gram of cocaine for which he wanted $60. Lipp drove to defendant's home. An unidentified man was in the living room. Defendant obtained a quantity of cocaine from the refrigerator and sold it to Lipp for $60.

The St. Louis district of this court has said that Rule 8(a) of the Federal Rules of Criminal Procedure,[2] although not identical in language to Rule 24.04, is so similar to it that judicial interpretations of the federal rule are persuasive. *State v. Johnson*, 505 S.W.2d 11, 12 (Mo.App.1974).

■ F.R.Cr.P. 8(a), in language broader[3] than that contained in Missouri Rule 24.04, defines what offenses may properly be joined in one information. Even if joinder is *proper* under F.R.Cr.P. 8(a), it may be prejudicial to the defendant and, if so, he may obtain relief under F.R.Cr.P. 14 which permits the court, upon a showing of such prejudice, to order an election, separate trials or other appropriate relief.[4] If, however, the joinder is *improper* under F.R. Cr.P. 8(a), and an objection is timely posed, discretion is not involved. The court must order a severance, and commits reversible error in failing to do so. *United States v. Marionneaux*, 514 F.2d 1244, 1248[1, 2] (5th Cir. 1975); *King v. United States*, 355 F.2d 700 (1st Cir. 1966);[5] *United States v. Goss*, 329 F.2d 180 (4th Cir. 1964); *Ingram v. United States*, 272 F.2d 567 (4th Cir. 1959); *Metheany v. United States*, 365 F.2d 90, 95

---

2. F.R.Cr.P. 8(a) "*Joinder of Offenses.* Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

3. Federal joinder of two or more drug-related offenses in the same indictment or information is usually based on that portion of F.R.Cr.P. 8(a) dealing with offenses "of the same or similar character," language *not* found in Rule 24.-04. See *United States v. Kellerman*, 432 F.2d 371, 374[6] (10th Cir. 1970); *United States v. Tillman*, 470 F.2d 142, 143 (3rd Cir. 1972).

4. There is no Missouri rule which is a counterpart to F.R.Cr.P. 14. However, the supreme court has evinced a willingness to consider the question of whether a trial court has abused its discretion in denying a request for separate *trials* even though, *as a matter of pleading*, the offenses were *properly* joined in one information. *State v. Minor*, 556 S.W.2d 35, 38[3] (Mo.banc 1977); *State v. Lee*, 556 S.W.2d 25, 29[5] (Mo.banc 1977); *State v. Duren*, 556 S.W.2d 11, 20[13] (Mo.banc 1977). In those cases no such abuse was found.

5. "A joinder of offenses . . . involves a presumptive possibility of prejudice to the defendant, and of benefit to the court, by which term we include the government and the public. Although the two matters are disparate and difficult to compare, the prejudice may be relatively small, compared to the benefit, and hence tolerable. Rule 8 is an attempt to set the limits of tolerance, and any joinder which does not fall within it is per se impermissible." *King v. United States*, supra, 355 F.2d at 703[5].

(9th Cir. 1966); *Cupo v. United States*, 123 U.S.App.D.C. 324, 359 F.2d 990 (1966); Wright, Fed.Prac. and Proc., Vol. 1, § 221, p. 432; Moore's Fed.Prac., Sec.Ed., Vol. 8, § 8.04[2].

The state has not cited any Missouri case dealing with the "common scheme or plan" portion of Rule 24.04 as the only justification for joinder of offenses in one information.

■ If the propriety of the instant joinder was to be determined solely by an examination of the face of the information, as distinguished from an examination of the evidence adduced at the trial, the state's position would fail. Each count of the information alleged only the date of the sale, its commission in Greene County, the specific drug sold, and the fact that the defendant, with the requisite intent, was the seller. The information did not contain any express allegation that the acts or transactions mentioned respectively in the three counts were "parts of a common scheme or plan." There was no allegation that each count involved a sale to the same purchaser, Cpl. Lipp. In none of the counts was the purchaser identified.[6]

Federal authority exists to the effect that the propriety of joinder of *defendants* under F.R.Cr.P. 8(b), or the joinder for trial of two or more indictments or informations under F.R.Cr.P. 13 (which involves the inquiry of whether the *offenses* were properly joinable in a single indictment or information under F.R.Cr.P. 8(a)) need not be "gleaned from the face of the indictments," and that joinder is proper if the evidence at the trial "demonstrates that the two separate offenses could have been charged in a single indictment." *Griffin v. United States*, 272 F.2d 801, 802[1] (5th Cir. 1960). See also *United States v. Franks*, 511 F.2d

25, 29 (6th Cir. 1975); *United States v. McDaniels*, D.C., 57 F.R.D. 171, 174[2] (1972).

If the propriety or impropriety of the instant joinder need not be gleaned from the face of the information but may be based on the trial evidence, the state's position similarly fails for the reason that the evidence at the instant trial does not support a finding that the three offenses were "parts of a common scheme or plan." There is nothing in the evidence to support a finding or reasonable inference that the defendant, prior to the commission of the first offense, intended to commit all of them. Although the series of purchases may have been within a scheme or plan harbored by Lipp, so far as the defendant is concerned they appear to have been independent transactions, unrelated to each other, impromptu and casual in nature, not products of a single or continuing motive. They involved different drugs, different times, different participants and generally different circumstances. There is no showing that if any of the offenses had not been committed, a villainous and overall design would have been frustrated.

Rule 24.04 in its present form became effective on July 1, 1971. The former version of Rule 24.04 was more narrow in the type of joinder of offenses permitted in one indictment or information.[7] The "common scheme or plan" portion of the rule first appeared in 1971. Although, as has been indicated, the issue of the propriety of the instant joinder is one of first impression in this state, Missouri courts have dealt with a "common scheme or plan" doctrine as a part of the law of evidence. Case law in that area is instructive here and demonstrates an unwillingness on the part of the courts, on records such as this, to permit the intro-

---

6. "The statute involved [§ 195.020] makes it an offense to sell the controlled substance to *any* person and, while it is desirable, it is not necessary that the name of the buyer be set forth in the indictment. The buyer's identity is not an essential element of the offense." *State v. Lemmon*, 504 S.W.2d 676, 681[2] (Mo.App. 1973). See also *United States v. Miranda*, 494 F.2d 783, 788[6] (5th Cir. 1974).

7. See *State v. Baker*, 524 S.W.2d 122, 126 (Mo. banc 1975) fn. 3, containing the former and present versions of Rule 24.04. See also *State v. Morgan*, 539 S.W.2d 660, 663–665 (Mo.App. 1976) for a review of the "decisional law and the purpose of the 1971 amendment of Rule 24.04."

duction of evidence of drug offenses other than the one on trial.

"It is the well established general rule that proof of the commission of separate and distinct crimes by the defendant is not admissible, unless such proof has a legitimate tendency to establish defendant's guilt of the charge for which he is on trial. *State v. Selle*, Mo., 367 S.W.2d 522, 529; *State v. Shilkett*, 356 Mo. 1081, 204 S.W.2d 920, 922–923. It has been said that 'Generally speaking, evidence of other crimes is competent to prove the specific crime charged when it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a *common scheme or plan embracing the commission of two or more crimes so related to each other that the proof of one tends to establish the other*; (5) the identity of the person charged with the commission of the crime on trial.'" (Emphasis added) *State v. Reed*, 447 S.W.2d 533, 534 (Mo.1969).

In *Reed*, supra, defendant was charged with selling marijuana on July 12, 1967. The state offered evidence that on June 14, 1967, the same purchaser bought marijuana from the defendant. The supreme court held that the trial court committed reversible error in admitting the evidence concerning the June 14 sale. "Proof of the separate and distinct sale on June 14 did not tend to prove any material fact in issue concerning the sale on July 12. . . . *The proof of the sale on June 14 did not show acts which were so related to the sale on July 12 that the proof of the first tended to establish the latter*, and the act of the sale on July 12, if defendant made such sale, needed no explanation to indicate motive or intent." *Reed* at p. 534. (Emphasis added)

The court also said that the evidence concerning the June 14 transaction "did not in any way tend to prove any fact in issue relative to the commission of the crime charged. This falls precisely within the general rule of exclusion, and not within *any* of the recognized exceptions." (Emphasis added)

Similarly, in *State v. Carter*, 475 S.W.2d 85 (Mo.1972) the defendant was charged with selling a controlled substance on April 28, 1967, to one Cutright. The state offered evidence of conversations held on March 16, 1967, between Cutright and the defendant in which defendant admitted similar offenses. Citing *State v. Reed*, supra, the supreme court held that the trial court committed reversible error in admitting into evidence those portions of the March 16 conversation which pertained to other offenses. At p. 88 the court said:

"The problem presented in the instant case is that the testimony as to the content of the conversation constituted evidence that defendant had, prior to the date of the conversation (March 16, 1967) sold ten to fifteen thousand amphetamine pills per week and had quit dealing some three weeks prior to March 16. The defendant was being prosecuted for the sale of two hundred amphetamine pills on April 28, 1967, and not for the sale of ten to fifteen thousand per week prior to March 16, 1967. The March 16th conversation did not take place as part of or in connection with the charged sale of April 28, 1967, *nor did it constitute any prior or preliminary arrangement for the April 28th sale*." (Emphasis added)

In *State v. Burr*, 542 S.W.2d 527 (Mo.App. 1966) defendant was charged with selling marijuana to one agent Lipp, apparently the purchaser in the case at bar, on January 26, 1973. The trial court committed reversible error in permitting Lipp to testify to purchasing "speed" from defendant on January 11, 1973. The court said that the evidence of the January 11 sale did not tend to prove that defendant sold marijuana on January 26 and that "the testimony of agent Lipp concerning the sale of pills on January 11 does not clearly tend to prove any material fact in issue."

In *State v. Hudson*, 478 S.W.2d 281 (Mo. 1972), a robbery case, it was held to be reversible error for the state to prove that defendant had robbed the same victim on two occasions prior to the one on trial.

In the case at bar the conversation on March 20 in which defendant gave Lipp his telephone number would not, standing alone, justify a finding or an inference that the three offenses were, from the defendant's standpoint, "parts of a common scheme or plan." Indeed it is arguable that such evidence, introduced by the state, demonstrated that prior to that conversation he had no intent to encourage subsequent sales. Had there been such an intent it seems reasonable that it would have been evinced in connection with the commission of the first offense.

This court concludes that Rule 24.04 did not authorize the joinder of the instant three offenses in one information and that the trial court erred in permitting their joint trial over the timely objection of the defendant.

The judgment is reversed and the cause remanded.

All concur.