**STATE of Missouri, Respondent,**

v.

**Bradley Lynn MEEK, Appellant.**

**No. KCD 30204.**

Missouri Court of Appeals,
Western District.

June 29, 1979.

James L. McMullin, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SHANGLER, P. J., and WASSERSTROM and CLARK, JJ.

CLARK, Judge.

Bradley L. Meek was convicted by a jury of the offense of sale of a Schedule I controlled substance and sentenced to a term of five years. He appeals the judgment and sentence on a single ground of alleged error, the failure of the court to grant a mistrial when defendant was asked on cross-examination if he had made an offer to the undercover officer to sell additional marijuana for subsequent delivery. Affirmed.

The charge against defendant arose from a transaction after initial contact between defendant and an undercover officer had been negotiated by a confidential informant. After the introduction by the informant, defendant accompanied the officer to another location where a sale of a substance later identified as marijuana was consummated by a third party.

Defendant testified on his own behalf. While acknowledging that he had introduced the officer to the third party from whom the controlled substance was purchased, defendant disclaimed any other part in the transaction and denied having given or received the marijuana or the purchase money. The question of which defendant complains was asked of him on cross-examination and was as follows:

"Q. Did you ever tell him [one of the police officers] that if he could come back the first of next week, you would try to have a half pound of marijuana for him?"

While defendant responded in the negative before an objection could be interposed, defense counsel then moved for a mistrial. The motion was overruled. Defendant contends that the question prejudicially injected into the case evidence of another crime and relies principally on *State v. Lee*, 486 S.W.2d 412 (Mo.1972).

In the *Lee* case, the defendant was charged with first degree murder. Throughout the trial, the state made repeated references to Lee's asserted involvement in other crimes including bombing, arson and burglary. Terming the prosecutorial misconduct "gross violation," the court stated:

"There is nothing to indicate that the alleged bombings had any connection with or relation to the charge of murder for which defendant was on trial. Any such alleged specific crimes were offenses wholly separate and distinct from the offense with which defendant was charged."

The proposition established by this and other cases cited by defendant is well known and was recently reviewed in *State v. Boley*, 565 S.W.2d 828 (Mo.App.1978). While evidence that defendant has committed other crimes is generally not admissible, such evidence is competent when offered to prove the crime charged if it tends to establish motive, intent, identity, absence of mistake or accident or a common scheme or plan for commission of two or more related crimes. *State v. Boley, supra; State v. Reed*, 447 S.W.2d 533 (Mo.1969).

In the subject case, defense counsel's opening statement and the direct testimony by defendant focused on the minimal participation by defendant in the drug sale. The entire thrust of the defense was to portray defendant as an onlooker who neither intentionally nor actively joined in the crime but was encouraged to provide an introduction by the entreaties of the undercover officer. In these circumstances, the question designed to reveal defendant's solicitation of additional traffic in restricted substances was proper to show motive.

■ While intent is not an element of the offense under Section 195.020, RSMo 1969 (*State v. Page,* 395 S.W.2d 146 [Mo. 1965]), motive is frequently, as here, injected by the evidence as a factual issue for the jury. Motive is the moving cause which induces action; it has wholly to do with desire. Motive is an evidentiary fact, a circumstance for argument and consideration by the jury. *State v. Gordon,* 536 S.W.2d 811, 818 (Mo.App.1976). In the context of the evidence of this case, the state's question was properly allowed as an exception to the rule prohibiting evidence of other crimes and was properly received to show motive.

■■ Respondent argues that the question was proper impeachment of defendant's credibility on the basis that any witness may be asked if he had committed a prior criminal act. By offering himself as a witness, defendant subjects himself to contradiction and impeachment as any other witness and his credibility may be challenged by proof of prior convictions. *State v. Byrth,* 395 S.W.2d 133 (Mo.1965). So too may a witness be impeached by evidence of offenses committed even though the witness may not have been prosecuted and convicted. *State v. Lynch,* 528 S.W.2d 454 (Mo.App.1975) witness asked if she had ever knowingly purchased stolen guns or sold stolen guns to a known felon; *State v. Williams,* 525 S.W.2d 395 (Mo.App.1975) witness asked if he had killed a man with a pistol; *State v. Summers,* 506 S.W.2d 67 (Mo.App.1974) witness asked how many burglaries he had participated in; *State v.*

*Williams,* 492 S.W.2d 1 (Mo.App.1973) witness asked if she had made a false report to the police concerning a shooting (unrelated to case on trial); *State v. Foster,* 349 S.W.2d 922 (Mo.1961) witness asked if he had planned and attempted a robbery.

■ In *State v. Dunn,* 577 S.W.2d 649 (Mo.1979) the court examined the rules laid down in *State v. Williams, supra, State v. Foster, supra* and *State v. Summers, supra* and observed that a defendant who testifies may be impeached the same as any other witness. On objection, however, inquiry as to general credibility must be limited where defendant's right to a fair trial may be impaired. In sum, the cases reaffirm the discretion of the trial court to control cross-examination but circumscribe the latitude of impeachment inquiry where the witness is the defendant reserving, on a case by case basis, appellate review to determine that specific questioning was erroneous and constituted prejudicial error. For additional discussion and citations, see *State v. Cleveland,* 583 S.W.2d 263 (Mo.App., 1979).

■ The subject case is one in which the court properly allowed cross-examination of the defendant as to a related but unprosecuted offense, the offer to sell additional drugs, because defendant's conduct bore directly on the instant charge and was an element for the jury to consider in believing or rejecting defendant's disavowal of conduct as a drug dealer. Similar cross-examination has previously been approved. *State v. Tilcock,* 522 S.W.2d 60 (Mo.App.1975).

The judgment of conviction is affirmed.

All concur.