**CITY OF SUGAR CREEK, Missouri, Respondent,**

v.

**Ronald D. HARMON, Appellant.**

**No. WD 30912.**

Missouri Court of Appeals, Western District.

Oct. 1, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 3, 1980.

Mark D. Johnson of Nation & Curley, Kansas City, for appellant.

Robert C. Welch, Pros. Atty., Independence, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from a conviction by jury for the offense of selling a controlled substance. The judgment is affirmed.

One point is presented by appellant on appeal. In this point, appellant charges the trial court erred in failing to declare sua sponte a mistrial upon the alleged introduction of evidence upon unrelated crimes. The sufficiency of the evidence relative to *sustaining the conviction on the charge is* not challenged, so a brief recital of the facts in evidence suffices.

This action originated in the Municipal Court of Sugar Creek, Missouri in Jackson County. Prosecution evidence consisted of two witnesses. The first witness was a local police officer who testified he worked as an undercover narcotics agent. This officer testified he made contact with appellant through an informant. This meeting led to another meeting, whereupon the officer purchased a quantity of marijuana from appellant. The prosecution's evidence included testimony of the lab expert, who identified the purchased substance as marijuana.

The defense was alibi. Appellant, a female companion, and another male friend of appellant testified. Appellant and the female companion testified that on the date in question, the two carried out plans for a trip to Nebraska to visit the male friend. The times alleged by the prosecution's evidence as to the sale were directly controverted by defense evidence. After conviction in municipal court, an appeal to the circuit court followed, whereupon the jury found appellant guilty. This appeal followed the overruling of an after–trial motion for new trial.

Appellant charges the circuit court should have sua sponte declared a mistrial because of the introduction of evidence of other criminal action. To resolve the issue, specific reference to the testimony in question must be made, and it is pointed out that the testimony below followed a detailed account of the sale of marijuana, for which appellant stands convicted. The record reflects:

"Q. (By Mr. Welch) Now, this all took place in the confines of Mr. Harmon's car in the parking lot at Sterling Bowl?

A. Yes, sir.

Q. Now, Officer, I am going to hand you Exhibit No. 3—

MS. CHAPMAN: Your Honor, I am going to object to this. This is irrelevant.

THE COURT: It's overruled at this point. Go ahead.

Q. (By Mr. Welch)—and I ask you if you can identify Exhibit No. 3, please.

A. Yes, sir.

Q. What is it?

A. It's ten small white tables that were represented to be, slang terms, minnie whites, that I received from Mr. Harmon later in the day on the 22nd.

Q. That is not a subject of this suit this morning, is it?

A. No, sir.

Q. Tell the jury why it is not.

A. Well, this was—

MS. CHAPMAN: Objection, Your Honor. This is irrelevant to this case.

THE COURT: Would you step up, please?

(COUNSEL APPROACHED THE BENCH AND THE FOLLOWING PROCEEDINGS WERE HAD:)

THE COURT: In what—

MR. WELCH: The evidence in this case is going to be, as an offer of proof, that this occurred exactly at the same time as the pills that are involved.

MS. CHAPMAN: It did not happen at the same time at all.

MR. WELCH: That the pills involved here were not in fact a violation of law, that they were not a controlled substance, and as a result of this, further conversation took place as indicated which would be part of the res gestae to show a pattern, a mental state and a motive for what he was doing here was for profit, to show that he did in fact complete the sale, and that the further conversation will show that he agreed to sell him some other items for which $40 in United States currency, Independence police money, was paid at that time. And we are only introducing it, not to show a violation of—another crime, but to show the motive, the mental state and the pattern that were involved in this particular case, which would corroborate the City's evidence.

THE COURT: Are you trying to bring out this was delivered later?

MR. WELCH: This was delivered at the same time.

THE COURT: At the same time.

MR. WELCH: Concurrent.

THE COURT: I thought your question said something about later.

MR. WELCH: There was to be a delivery later. The request was made at that time and saying, "I don't have any more, I'll deliver them to you later." Now, that is what his testimony will be, but he was paid at this time.

THE COURT: What is your pending question, then?

MR. WELCH: My question is—I would have to have her read it back.

(Whereupon, the pending question was read back.)

MS. CHAPMAN: Those pills, as I understand it, are pills that were given at the time, at 11:00 in the morning, is that not true?

MR. WELCH: That is my understanding.

MS. CHAPMAN: Those aren't even a controlled substance according to Mr. Welch. What relevance could they have possibly to this?

MR. WELCH: I believe it shows a pattern, it shows intent, it shows motive, it show a mental state, and all those are, I believe, justifiable reasons for introducing the evidence.

THE COURT: As I understand it, he said he received them later. I thought you said it was all part—

MR. WELCH: My understanding was—let me ask a qualifying question of him then, Your Honor.

THE COURT: Okay.

(THE PROCEEDINGS RETURNED TO OPEN COURT.)

Q. (By Mr. Welch) Officer Pross, the Exhibit No. 3, did you receive that on the morning of the 22nd or sometime later that day?

A. Later in that day.

THE COURT: Well, would you step up, please?

(COUNSEL APPROACHED THE BENCH AND THE FOLLOWING PROCEEDINGS WERE HAD:)

MR. WELCH: On that basis, I will withdraw the original question, Your Honor.

THE COURT: I was going to let in the conversation if it was all part of the transaction but I am sustaining the objection then with reference to this exhibit.

MR. WELCH: No. 3.

THE COURT: And instruct—

MS. CHAPMAN: Will you instruct the jury to disregard it?

(THE PROCEEDINGS RETURNED TO OPEN COURT.)

THE COURT: The objection is sustained as to what has been marked as City's Exhibit No. 3 and the jury is instructed to disregard that exhibit and any question or testimony with reference to that exhibit."

Following the above testimony, the prosecution then asked the police officer if he and appellant conducted any further conversation, and without objection from appellant, the officer related appellant's offer to sell him "minnie whites", which were described as "generally illegally manufactured tablets, amphetamine, upper type thing." Attempts by the prosecution to have the officer give details of the "minnie whites" were to no avail because the court sustained appellant's objection to the testimony.

Appellant now contends the trial court, on its own motion, should have declared a mistrial premised upon the above–referred–to testimony. The record does not show any motion or request for a mistrial by appellant and upon review, absent a blatant disregard for the rights of an accused, courts will not grant relief beyond that asked for on trial, see State v. Granberry, 530 S.W.2d 714 (Mo.App.1975).

Appellant cites several cases in support of his argument, but none touch the alleged requirement that the trial court sua sponte declare a mistrial. Appellant cites the following cases, none of which are controlling herein: State v. Holbert, 416 S.W.2d 129 (Mo.1967)—where an accused made motion for mistrial and the court was held to have committed error in permitting other weapons not related to the charge to be observed and viewed by the jury; State v. Lee, 486 S.W.2d 412 (Mo.1972)—where motion for mistrial was denied and evidence of totally unrelated criminal acts was permitted and thus, held to be error; State v. Reed, 447 S.W.2d 533 (Mo.1969)—where evidence of sale of controlled substances involved two separate sales on two different dates, admission of evidence on second sale held to be error.

In addition to the foregoing citations, appellant directs the court's attention to State v. Hoskins, 569 S.W.2d 235 (Mo.App.1978) which affirmed a conviction for burglary. In this case, if the prosecution's argument were taken out of context, it might have supported the inference of a link of the accused to a separate offense wherein the court admonished the jury to disregard the comment of counsel. Appellant offers up State v. Escoe, 548 S.W.2d 568 (Mo.banc 1977) which provides perhaps the closest guideline for the disposition of the instant case. In affirming a conviction for assault, the State Supreme Court in Escoe ruled that the mere fact that evidence of guilt is overwhelming, such is not the accurate test for determination of whether error has resulted in manifest injustice or a miscarriage of justice; whether or not to declare a mistrial is clearly within the discretion of the trial judge, and the reviewing courts will not set aside a conviction on that basis absent a clear abuse thereof; there was no abuse of discretion by the trial court's refusal to grant a mistrial when the prosecution, in its opening statement, stated that the defendant was involved in a subsequent and distinct criminal act; nothing was preserved for review in absence of an objection to the introduction of an unrelated crime and it is not incumbent upon the reviewing court to provide a reason upon its determination that there has been no plain error.

The prosecution, in the instant case, attempted to offer an exhibit (#3, which were the white pills) which was allegedly sold by appellant subsequent to the sale of the marijuana. The record reveals that after objection and consultation with both counsel, the court permitted the prosecution the opportunity to ask a qualifying question

of the witness regarding the actual time of the pill sale.

The prosecution, from the record, was conducting the examination of the witness upon the understanding that the pills and marijuana were sold simultaneously. When the qualifying question clarified the situation, the prosecution withdrew the question. Immediately following that development, the jury, at appellant's request, was instructed by the trial judge in a specific and proper manner as reflected above.

■ The charge that the trial court should have declared sua sponte a mistrial has no merit. It was questionable until the qualifying question was asked, that is, whether or not the evidence in fact fell within one or more of the noted exceptions to the rule prohibiting evidence of other criminal conduct. The admission of evidence of other crimes is not erroneous per se if such evidence is admitted to show identity, motive, absence of mistake, a common scheme and other salient facts. Under the facts of the instant case, one might argue that the offered evidence would fall under either of the two (or both) last–noted exceptions above. This opinion neither addresses nor answers that possibility and it suffices to say that argument is not reached under the facts of this case.

■ When the trial judge learned of the subsequent sale, he permitted the prosecution to withdraw the question. This was immediately followed by a properly worded admonishment to the jury to disregard. There was no request for a mistrial, but be that as it may, under the attending circumstances of this case, the trial court correctly and with dispatch resolved the matter.

There was nothing incumbent upon the trial court sua sponte to declare a mistrial upon the facts and circumstances of the instant case. The issue, when properly focused, was handled in such a manner to safeguard the rights of appellant to a fair and impartial trial. Declaration of a mistrial is a drastic step and should be premised upon a showing of no other adequate remedy under the circumstances.

The court's admonishment provided appellant with an adequate safeguard to his right to a fair trial.

Evidence surrounding the conversation about the pills was admitted over appellant's objection that such conversation was irrelevant. This court finds the ruling on that objection to have been proper when raised and the record following displays no further objection by appellant. Failure to further object preserved nothing for review by this court.

This court concludes the trial court did not commit reversible error in failing to sua sponte declare a mistrial based upon the facts and circumstances of this case.

For the foregoing reasons, the judgment is in all respects affirmed.

All concur.