Eugene SMITH, Movant,

v.

STATE of Missouri, Respondent.

No. 43433.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 26, 1982.

Joseph W. Downey, Public Defender, Susie M. McFarlind, Public Defender, St. Louis, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

DOWD, Presiding Judge.

Movant, Eugene Smith, appeals from the denial of his Rule 27.26 motion after an evidentiary hearing.

We affirm.

Movant pleaded guilty to three counts of unlawful sale of Phenmetrazine, a Schedule II controlled substance. He was sentenced to seven years imprisonment on each count, terms to be served concurrently. Probation was granted but subsequently revoked.

Movant raises five points on appeal. In his first point movant claims he was denied effective assistance of counsel because his attorney did not inform movant that he could request a separate trial on each count of the indictment, nor did his counsel challenge the propriety of joining the three offenses in one indictment. Movant claims these omissions by his attorney caused him to enter his guilty pleas unknowingly and involuntarily.

After an extensive hearing the trial court in its findings of facts found that movant's evidence did not support his charge that ineffective assistance of counsel caused movant to enter his pleas involuntarily. The court stated further that some leeway must be given to attorneys to exercise trial strategy and, in any event, movant had not demonstrated how failure to sever the counts against him affected his pleas.

█ We are restricted in our review of these findings to a determination of whether they are clearly erroneous. Rule 27.26(j). In doing so we consider defense counsel's representation of movant only as it may have affected the voluntariness and understanding with which the pleas were made. *Beaver v. State*, 552 S.W.2d 36, 38 (Mo.App. 1977). In other words, a finding of ineffective assistance of counsel is not sufficient ground to vacate a judgment entered on a guilty plea unless counsel's misrepresentation affected the voluntariness of the plea. *Hines v. State*, 603 S.W.2d 24 (Mo.App. 1980). The threefold question must be then, do the acts by counsel of which movant complains rise to the level of incompetence, i.e., did movant's counsel "fail to exercise the customary skill ... that a reasonably competent attorney would perform under similar circumstances...." *In Interest of A.D.R.*, 603 S.W.2d 575, 578 (Mo. banc 1980). If we find that movant's counsel was indeed incompetent, then we must determine whether such incompetent acts affected movant's plea. Movant bears the

burden of proving both counsel's incompetence and its adverse affect upon his plea. Rule 27.26(f). We find, after a review of the record submitted on appeal, that movant failed to sustain his burden.

Movant argues that Missouri case law mandated severance of the three charges against him. He relies primarily on the cases of *State v. Prier*, 561 S.W.2d 437 (Mo.App.1978) and *State v. Buford*, 582 S.W.2d 298 (Mo.App.1979). In *Prier* defendant appealed on the ground, inter alia, that the trial court erred in denying his motion for severance where the drug sales upon which the convictions were based occurred on three different dates, involved three different drugs, different participants and generally different circumstances. The Southern District of this court agreed and remanded for a separate trial on each offense. In *Buford*, the Western District reversed defendant's convictions for robbery and assault of one victim and assault of another prosecuted in the same trial. The court found that the offenses, "though close in time, were not shown to be motivated by a common scheme or plan, and could not be described as part of the same transaction." Id. at 302.

The question here is not whether, under the *Prier* and *Buford* cases, movant's counsel might have obtained severance of the three charges. The issue is whether, under the authority of these cases, counsel was incompetent in failing to move for severance. *Owens v. State*, 610 S.W.2d 706, 707 (Mo.App.1981). *See Mace v. State*, 452 S.W.2d 130, 135 (Mo.1970).

█ In the instant case movant sold the same drug, Phenmetrazine, three times to the same police undercover agent, Larry Holifield. The first sale occurred on February 11, 1977. The second and third sales occurred just two months later on April 7, 1977. Holifield was accompanied by another police officer, Carrona, at the sales of April 7th. All of the sales were conducted in a similar manner and under similar circumstances. Furthermore, the defendants in *Buford* and *Prier* were convicted by juries and raised their complaint regarding severance by way of direct appeal.

The instant case is so different from *Prier* and *Buford*, both factually and procedurally, that we cannot say movant's counsel was incompetent or failed to render effective assistance in failing to move for severance of the charges. Moreover, movant's counsel testified that he was thoroughly familiar with Rule 24.04 (now Rule 23.05), and he had studied the indictment and believed the offenses were properly joined.[1] At most, the omission was a tactical decision which we will not second guess. *Shepherd v. State*, 529 S.W.2d 943, 947–48 (Mo. App.1975). Regardless of how counsel's failure to move for severance is characterized, movant has not explained or even intimated how such failure affected his pleas. It is not this court's duty to fabricate theories upon which movant might be afforded relief.

Since we find counsel was not ineffective for failing to move for severance, movant's allegation that ineffective assistance induced an involuntary guilty plea becomes moot. We have, however, carefully reviewed the transcript of the evidentiary hearing and find the trial court's conclusion that movant's pleas of guilty to all three charges were entered voluntarily and knowingly to be correct and amply supported by the evidence. In addition, we note that movant does not claim to be innocent of the charges against him and alleged his pleas were involuntary only after his probation was revoked.

Movant claims in his second point that his counsel was ineffective for failing to investigate the alleged conflicts in the scheduling of Phenmetrazine and that the trial court erred in limiting movant's examination during the evidentiary hearing of his counsel regarding his failure to investigate the con-

1. We reiterate that we are not addressing the question of whether joinder was proper in this case. We are limited by the nature of 27.26 proceedings and movant's allegation solely to a determination of whether counsel failed to exercise reasonable skill under the circumstances in failing to move for severance.

flict. We decline to discuss this point. Missouri law is clear. Phenmetrazine is a Schedule II controlled substance. *State v. Harris,* 564 S.W.2d 561, 568 (Mo.App.1978). Furthermore, movant does not explain how his counsel's failure to contest the classification could have had any effect on his pleas.

Movant's third point incorporates and elaborates upon his second point, and adds merely the bald assertion that counsel's failure to discover the alleged discrepancy in the scheduling of Phenmetrazine had an obvious prejudicial effect on movant and a definite "bearing on determining whether or not his pleas were entered voluntarily and knowingly." This point has no more merit than movant's second point. Again, even if movant's counsel could have raised some plausible argument attacking the scheduling of Phenmetrazine, movant has not explained, nor can we imagine, how doing so might have affected his pleas of guilty.

Movant claims in his fourth point that his counsel failed to inform him of the possible defense of entrapment and such failure induced movant to plead guilty. This allegation is refuted by counsel's testimony at the evidentiary hearing. Counsel testified that he knew the defense of entrapment was applicable to drug sales; and that he and movant discussed the defense of entrapment, what the term "entrapment" means, and even read the instruction on entrapment which would be submitted to the jury in the event of a jury trial. This evidence is ample support for the trial court's finding that movant was adequately informed of the possible defense of entrapment. The trial court chose not to believe movant's testimony that the defense of entrapment was not discussed relative to the drug charges. This is the prerogative of the fact finder, to whom this court defers in the event of a conflict in the evidence. *Leonard v. American Walnut Co., Inc.,* 609 S.W.2d 452, 454 (Mo.App.1980).

Movant claims in his fifth and final point that he pleaded guilty because he was led to believe that upon entering his plea of guilty on three counts, two of them would be dismissed and he would receive probation. Again, the only evidence of such a promise was movant's testimony alone which the trial court declined to believe. *See State v. Hurtt,* 509 S.W.2d 14, 16 (Mo.1974).

We find no error in the findings, conclusion, and judgment of the trial court and we accordingly affirm that court's denial of relief on movant's 27.26 motion.

GUNN and SIMON, JJ., concur.