**STATE of Missouri, Plaintiff-Respondent,**

v.

**Roger MEISTER, Defendant-Appellant.**

**No. 12311.**

Missouri Court of Appeals,
Southern District,
Division One.

March 5, 1982.

John D. Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Douglas K. Crandall, Crandall, Crawford & Crandall, Carthage, for defendant-appellant.

GREENE, Presiding Judge.

Defendant, Roger Meister, was jury-convicted of the sale of 5.67 pounds of a controlled substance (marijuana) in violation of § 195.020, RSMo 1978, and was sentenced by the trial court to a term of 20 years' imprisonment in accordance with the jury verdict.

In this appeal, defendant contends that the trial court erroneously admitted evidence of other crimes committed by him, and erred by failing to require the state to disclose the name of a confidential, paid informant.

The only evidence in the case was the testimony of Highway Patrolman Clifford Collier and a stipulation entered into by the prosecuting attorney and defense counsel that the substance sold by defendant to Collier was 5.67 pounds of marijuana.

Collier testified that in the year of 1978, he was conducting an undercover investigation in Newton County. Collier was posing as a buyer of illicit controlled substances. He first met Meister on April 8, 1978, at a truck stop north of Diamond, Missouri. The meeting was arranged by a confidential, paid informant. Collier set up a meeting with Meister, at defendant's apartment in Diamond, Missouri, for May 8, 1978.

Collier went to the apartment. Defendant produced a "brick of plant material", which Meister described as "good pot." After some discussion about the sale price, Collier offered to pay $1,300 for six pounds of marijuana. Collier counted out $1,300 and laid it on a table. Meister picked up the money, and entered into further discussion with Collier. At this point, defense counsel objected to any evidence of other crimes. The objection was overruled. The trial court, in ruling on the objection, said, "I think this is part of the res gestae. I think that the delivery has not been consummated and completed. It's all one transaction, and it's admissible on that basis."

Collier then related the details of his conversation with Meister. He said Meister told him that defendant would be receiving 200,000 "hits of speed" in the near future and would sell Collier 50,000 hits at twelve cents each. He also told Collier that he had sold about ten million of the "speeders" since November of 1977, and that he also had made about a million dollars selling drugs. Meister also offered to "front" drugs for Collier, which means that he would deliver drugs to Collier, and wait for payment until after Collier sold them. After this conversation, defendant went upstairs and came back with a grocery sack containing the "remaining" five pounds of marijuana, and gave it to Collier. No other person was present during the transaction and conversations described above.

■■■ Defendant's statements to Collier, relative to past and proposed sales of "speed" and marijuana, went to prove intent or motive on the part of Meister to sell illegal controlled substances to Collier. Meister's statements to Collier demonstrated he intended to sell illegal drugs to Collier, and that his motive was profit. It is also a well-settled principle of law that statements made contemporaneously with, or immediately preparatory to, a particular litigated act, which tend to explain, illustrate or show the object or motive for the act, are properly admissible into evidence as part of the res gestae. *State v. Felkins*, 599 S.W.2d 955, 957 (Mo.App.1980); *State v. McClure*, 504 S.W.2d 664, 671 (Mo.App. 1974).

■■ Defendant's claim of trial court error in refusing to require the state to disclose the name of Collier's informant has no legal basis. The record indicates that all the informant did was to introduce Collier to Meister one month before the sale in question. He was not present on the date of the sale, and his identity was not relevant to any issue in the case. In such situations, Missouri Appellate Courts have consistently held that refusal by the trial court to require the state to reveal the identity of an informant is not error. *State v. Simpson*, 611 S.W.2d 556, 559 (Mo.App.

1981); *State v. McCann*, 543 S.W.2d 504, 507 (Mo.App.1976).

The judgment is affirmed.

All concur.