STATE of Missouri, Respondent,

v.

Montgomery Z. HUSTON, Appellant.

No. WD 34314.

Missouri Court of Appeals,
Western District.

Aug. 23, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and
Denied Nov. 15, 1983.

Joseph H. Locascio, Mimi Droll, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Dan Crawford, Jefferson City, for respondent.

Before WASSERSTROM, P.J., and KEN-NEDY and NUGENT, JJ.

KENNEDY, Judge.

Appellant was convicted upon jury trial of the knowing possession of a Schedule IV controlled substance, phenobarbital, and he was sentenced to eight years' imprisonment, Secs. 195.240, 195.270, RSMo 1978.

We affirm the judgment.

I

Appellant complains first of the testimony of an undercover police agent who negotiated the purchase from appellant of 33,000 tablets of phenobarbital, that the appellant told him "that he had been 'busted twice' before and that he had a 'large marijuana selling operation' and that he was 'high' at the time and that he would 'throw in some sodium pentothal for free' if the state's witness would purchase some phenobarbital." The statements were made and in connection with the purchase negotiations upon which the possession charge was based.

The rule against the admission of evidence of other crimes, *State v. Reed,* 447 S.W.2d 533, 534 (Mo.1969), is not applicable if it tends to show defendant's intent [1] and

---

1. The fact that proof of other crimes may fit into one of the exceptions to the rule against

admissibility is not conclusive of its admissibility. The court in some instances in its discre-

if it is part of the res gestae. *State v. Meister,* 630 S.W.2d 605, 606 (Mo.App.1982); *State v. Williams,* 539 S.W.2d 530, 533 (Mo. App.1976). Here the evidence of defendant's statement qualify for admission. *State v. Meister, supra.* The statements tend to prove that defendant's possession of the controlled substance was "knowing," a necessary element of the state's case. *State v. Green,* 629 S.W.2d 326 (Mo. banc 1982). It tends to negate the testimony of defendant's wife—defendant himself did not testify—that his possession of the pills was innocent, that he had found the drugs in a "civil defense kit" in the city dump.

Defendant's cases cited in support of his position condemn evidence of earlier drug purchases by narcotic agents from the defendant which were unconnected with the crime for which defendant was being tried. *State v. Burr,* 542 S.W.2d 527 (Mo.App. 1976); *State v. Carter,* 475 S.W.2d 85 (Mo. 1972); *State v. Reed, supra; State v. Jackson,* 495 S.W.2d 80 (Mo.App.1973). In *Reed, supra,* where evidence of defendant's statement of his earlier involvement in drug sales was held inadmissible, the court took particular notice that the statement was not made in connection with the sale with which the defendant was charged. 447 S.W.2d at 534.

The court did not abuse its discretion in admitting the evidence of defendant's statements and the defendant's point based on its admission is rejected.

## II

■ The defendant says for his second point that his requested circumstantial evidence instruction should have been given, and it was error for the court to refuse the same.

The Notes on Use on MAI–CR 2d 3.42 says that the circumstantial evidence instruction "may be given even if there is some direct evidence of guilt, though it need not be given at all unless the evidence is wholly circumstantial." MAI–CR2d 3.42,

tion should exclude such evidence on the ground that its prejudice to defendant may outweigh its usefulness to the state. *State v.*

Notes on Use 2. *State v. Baldwin,* 571 S.W.2d 236, 240 (Mo. banc 1978). The state's evidence was direct evidence for the most part, and the circumstantial evidence instruction was therefore not mandatory.

If we assume, as defendant argues, that proof of defendant's *knowledge* or *intent* rested upon circumstantial evidence (although there was in fact direct evidence of defendant's knowledge, in that he showed the narcotics agent the phenobarbital pills and identified them as phenobarbital), still the most that defendant might claim is that the court abused his discretion in refusing the circumstantial evidence instruction. We hold that the trial court did not abuse his discretion in refusing the circumstantial evidence instruction, in that the fact of defendant's possession of the contraband materials was amply proved by direct evidence. Defendant's point is denied.

The judgment is affirmed. .

All concur.

*Cheesebrew,* 575 S.W.2d 218, 223 (Mo.App. 1978); *State v. Burr,* 542 S.W.2d 527, 531 (Mo. App.1976).