**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Pamela Sue HURD, Defendant-Appellant.**

**No. 12872.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 13, 1983.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied
Nov. 3, 1983.

Application to Transfer Denied
Dec. 20, 1983.

John D. Ashcroft, Atty. Gen., Frank A. Rubin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Louis J. Nolan, Gaither & Nolan, Springfield, for defendant-appellant.

PREWITT, Judge.

A jury found defendant guilty of distribution and delivery of amphetamine and assessed her punishment at 20 years' imprisonment. Judgment and sentence was entered accordingly. Defendant was charged by a two-count information. Count I charged that on April 14, 1981, in violation of § 195.020, RSMo 1978, defendant sold amphetamine, a controlled substance, to police officer Richard D. Foster. Count II, "in the alternative," alleged that on April 14, 1981, defendant in violation of § 195.-020, RSMo 1978, distributed and delivered amphetamine to the officer. Both counts arose out of a single transaction.

On the morning of trial, at a pretrial conference, defendant's counsel moved the trial court to require the state to elect as to which of the counts defendant would be tried on. The court denied the request. The jury was instructed on both counts, but informed to consider them separately, and told that defendant could not be found guilty of more than one count. It found the defendant not guilty of Count I and guilty of Count II.

■ In defendant's sole point relied on, she states that the trial court erred in not sustaining her motion requiring the state to elect between the counts before the trial commenced as it violated her rights under the Fifth Amendment to the United States Constitution and the case law of the state of Missouri. She contends this is so because she was not informed of the nature of the charge against her in that charging and instructing in the alternative required her to defend against two distinct criminal acts when she could only be convicted of one as § "195.020 RSMo relates to only one proscribed act which can be accomplished by several different means."

Section 195.020, RSMo 1978 (now repealed and replaced), states:

"It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, distribute, or compound any controlled or counterfeit substance except as authorized in sections 195.010 to 195.320, or to possess any apparatus, device or instrument for the unauthorized use of any controlled substance."

In her point defendant does not assert that the information as filed was improper but that before trial the state had to elect on which count it was to proceed so that she could be informed of the nature of the charge against her and not have to defend against two distinct criminal acts, when she could only be convicted of one. In the argument part of her brief she contends that she "cannot be charged in *multiple alternative* counts for having committed more than one of the forbidden acts in a single transaction."

It is obvious to us that she was adequately informed of the charges against her such that she could properly defend against them and that the manner in which she was charged here was permissible. Charging in

the alternative and submitting both counts to the jury with the jury instructed that it could not find defendant guilty of both charges has been approved in prior Missouri cases. See *State v. Woods,* 637 S.W.2d 113, 117 (Mo.App.1982); *State v. Smith,* 631 S.W.2d 353, 356–357 (Mo.App.1982); *State v. Jenkins,* 622 S.W.2d 281, 283 (Mo.App. 1981); *State v. Milentz,* 547 S.W.2d 164, 167 (Mo.App.1977); Rule 23.05, Missouri Rules of Court 90 (14th ed. 1983).

■ Defendant further contends that she was prejudiced by having to defend against both charges because the state was allowed to inquire about a prior sale of methamphetamine by defendant to an informant who was working with Foster. Defendant in cross-examination denied the sale and in the state's rebuttal evidence the informant testified that a week prior to April 14, 1981, defendant sold "crank" to the informant. The informant testified that "crank" is slang for methamphetamine.

Citing *State v. Meek,* 584 S.W.2d 168 (Mo.App.1979), defendant states in her brief that although evidence of the prior sale was admissible to show knowledge or intent regarding the sale charged in Count I of the information, she asserts, relying on *State v. Gordon,* 536 S.W.2d 811 (Mo.App.1976), that evidence of the prior sale was not relevant to the charge in Count II of distribution and delivery. Both cases indicate that knowledge or intent are not elements of an offense under § 195.020, RSMo 1978.

The offense charged here occurred after January 1, 1979, the effective date of the current Missouri Criminal Code. *State v. Green,* 629 S.W.2d 326, 328–329 (Mo. banc 1982), holds that since that code's adoption intent is required for a crime unless the statute defining the offense clearly indicates a purpose to dispense with that requirement and that to the extent that *Meek* and *Gordon* are contrary they can no longer be followed.

If there was ever any difference as to knowledge or intent between the offenses of sale and of delivery and distribution as prohibited under § 195.020 (and we do not read *Meek* and *Gordon* as saying there is any difference), they are now the same. If the evidence was admissible for the offense charged in Count I, as defendant acknowledges it was, it was likewise admissible for the offense charged in Count II.

■ Although a trial court should exercise sound discretion in ruling on a motion to elect, keeping in mind that evidence on one count might not be admissible on another count, and conceivably could prejudice defendant, *State v. Smith,* supra, 631 S.W.2d at 356, there was no prejudice to defendant here as the evidence complained of was admissible on both counts as against the contention presented here. Defendant's point is denied.*

The judgment is affirmed.

MAUS, P.J., and HOGAN, J., concur.

---

* Finding no plain error, Rule 30.20, we do not consider whether this evidence was otherwise improperly admitted. See *State v. Cheesebrew,* 575 S.W.2d 218, 222–223 (Mo.App.1978).

See also *State v. Carter,* 475 S.W.2d 85 (Mo. 1972); *State v. Reed,* 447 S.W.2d 533 (Mo. 1969); *State v. Burr,* 542 S.W.2d 527 (Mo.App. 1976).