STATE of Missouri,
Plaintiff-Respondent,

v.

Robert A. HOBBS, Defendant-Appellant.

No. 13784.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 20, 1985.

Motion for Rehearing or Transfer to
Supreme Court Denied
March 8, 1985.

William L. Webster, Atty. Gen., Thomas
Carter, II, Asst. Atty. Gen., Jefferson City,
for plaintiff-respondent.

Mark V. Clark, Columbia, for defendant-appellant.

PREWITT, Chief Judge.

Defendant was convicted of selling a controlled substance, marijuana, and sentenced to seven years' imprisonment. On appeal he contends that the trial court erred in allowing a police officer to testify concerning discussions with defendant about future marijuana transactions.

The state presented evidence that defendant arranged for an "undercover" officer to purchase marijuana from another. He brought the seller to the apartment the officer was operating from. When the transaction was completed defendant left with the seller, intending to return. When he returned in about ten minutes, defendant and the officer discussed defendant's payment for arranging the transaction. The officer said defendant agreed to accept "money as opposed to taking some of the marijuana out of the pound." The officer testified that they then discussed his obtaining seedless marijuana and defendant "told me that he was attempting to locate some. And, I had let him know that I would pay him for finding, or setting up the transaction with me."

Of course, as defendant contends, reference to other crimes unrelated to the case on trial violates a defendant's right to be tried for the offense with which he is charged, unless that evidence has some legitimate tendency to establish defendant's guilt of the crime charged. *State v. Williams*, 652 S.W.2d 102, 110 (Mo. banc 1983); *State v. Brown*, 670 S.W.2d 140, 141 (Mo. App.1984). The question then is whether the evidence of the conversation between defendant and the officer had a legitimate tendency to establish defendant's guilt of the crime charged.

This district denied a similar contention in *State v. Meister*, 630 S.W.2d 605 (Mo.App.1982). It held that discussion of past and proposed sales of "speed" and marijuana contemporaneously with the sale of marijuana that the charge was based on, was admissible to prove intent on the part of the defendant to sell controlled substances and demonstrated that his motive was profit. The conversation here was sufficiently related to the transaction charged so that the reasoning in *Meister* applies. See also *State v. Huston*, 660 S.W.2d 718 (Mo.App.1983).

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.