**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Cornelius HARDEN,**
**Defendant-Appellant.**

No. 53039.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 2, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 6, 1988.

Application to Transfer Denied
May 17, 1988.

Mary C. McWilliams, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant was found guilty by a jury of tampering in the first degree and sentenced by the court as a prior and persistent offender to a term of 10 years' imprisonment. He appeals; we affirm.

By an indictment dated February 7, 1986, defendant was charged in alternative counts with first degree tampering and receiving stolen property. At defendant's February 1987 trial, the victim testified that on the morning of December 13, 1984, she parked and locked her 1966 Chevrolet Malibu on Second Street in St. Louis. When she returned about one hour later, the automobile was gone. She immediately reported the incident to the police department, describing the automobile and informing the police of the license plate number. On December 29, 1984, St. Louis police officers saw the victim's automobile, stopped it, and arrested defendant who was the driver. Defendant did not have a driver's license, and he gave arresting officers a false name. The victim testified that when she recovered the vehicle, the interior and exterior were damaged, numerous

items of personal property were missing, the passenger compartment contained clothing and "a lot of junk" that were not hers, and the odometer indicated the vehicle had been driven about 1,400 miles while it was out of her possession. She said she spent $750 to have the vehicle repaired.

In chambers, the prosecutor stated she intended to offer, pursuant to § 570.080.2(2), RSMo 1986, evidence that defendant had entered a guilty plea to a charge of receiving stolen property of a value of $150 or more based on an incident that occurred on February 5, 1984.[1] The court indicated that the evidence was admissible under the statute "when trying a case of receiving stolen property." At trial, defendant's attorney objected to the introduction of the evidence. Out of the hearing of the jury, defense counsel stated the basis of his objection was that the record of the prior offense did not specify

> whether or not he was charged with actually receiving the property on that date, or whether he merely retained it.... [I]f the prosecution is maintaining that he retained stolen property on that given date and that was the substance of the charge, then I would object to the introduction of that evidence. If the prosecution is maintaining that he actually received the property that given day, then I, of course, would have no objection.

Defendant appears to have been objecting because he questioned whether the requirements of § 570.080.2(2) were satisfied. He did not complain that evidence of the prior conviction was irrelevant to the tampering charge, and, after the court overruled his objection, he did not request the court to instruct the jury that evidence of the prior conviction pertained only to the receiving stolen property charge.

In his defense, defendant presented testimony from a self-described "close friend" that defendant had borrowed the car from a man named "Rodney" shortly before his arrest.

In addition to giving the jury verdict directing instructions on each count, the court also gave MAI–CR 3d 304.14 which states:

> The Defendant is charged in Count I with the offense of Tampering in the First Degree, and in Count II with the offense of Receiving Stolen Property over One Hundred Fifty Dollars. These charges are made in the alternative and in effect allege that the defendant either committed one of the offenses or the other. Each count and the evidence and law applicable to it must be considered separately. Any evidence limited to one count or for one purpose shall not be considered by you for any other count or purpose.
>
> You may find the defendant guilty of one of the offenses submitted to you but you should not find him guilty of more than one of them, or you may find him not guilty of any of the offenses charged.[2]

The jury returned a verdict of guilty on the tampering charge.

On appeal, defendant alleges

> The trial court committed plain error by failing to order severance of Count I, which charged tampering in the first degree, from Count II, which charged receiving stolen property, because evidence of [defendant's] prior conviction for receiving stolen property, while admissible as to Count II, Section 570.080.2(2), was inadmissible as to Count I. The reference to a conviction unrelated to the tampering charge was manifestly prejudicial

**1.** Section 570.080, the receiving stolen property statute, provides as follows:

> 2. Evidence of the following is admissible in any criminal prosecution under this section to prove the requisite knowledge or belief of the alleged receiver:
>
> ....

> (2) That he received other stolen property in another transaction within the year preceding the transaction charged....

**2.** Nothing in the record indicates defendant requested the court to specify for the jury that evidence of the prior conviction should be considered only for its verdict on the receiving stolen property count.

and violated [defendant's] right to be tried for the charged offense.

From our review of the record on the issues raised by defendant, we conclude there was no error, plain or otherwise.

■ Severance does not appear to us to be appropriate when a defendant is charged in alternative counts. Moreover, defendant did not comply with Rule 24.07 which requires a party seeking severance to file "a written motion requesting a separate trial of the offense" and to make "a particularized showing of substantial prejudice if the offense is not tried separately...."[3] If defendant's complaint is that the court, *sua sponte*, should have required the state to elect between the alternative counts, this assertion is vitiated by the use of MAI–CR 3d 304.14 which forbade a finding of guilt on both counts. *See State v. Hurd*, 660 S.W.2d 388, 389–90 (Mo.App. 1983).

■ The trial court also did not err in admitting evidence of the prior conviction. The evidence clearly was admissible under the statute on the receiving stolen property charge, and MAI–CR 3d 304.14 recognizes that when a defendant is charged in alternative counts, evidence may be admissible on one count even though it would not be admissible on the other.[4] No error was committed.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.

---

**3.** The current version of Rule 24.07 became effective July 1, 1986, after the offense and the indictment but before the trial. We believe this version is applicable. *See* Rule 19.06.

**4.** It was defendant's responsibility to request the court to instruct the jury to limit its use of evidence of the prior conviction at the time of its admission. Defendant made no such request. We note the recent adoption by the Missouri Supreme Court of MAI–CR 3d 310.15 Limiting Instruction: One Defendant, Offense, or Purpose.