**STATE of Missouri, Respondent,**

v.

**David SWEENEY, Jr., Appellant.**

**No. 51679.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 17, 1987.

Motion for Rehearing and/or
Transfer Denied
April 23, 1987.

Application to Transfer Denied
May 19, 1987.

**630**

Charles M. Shaw, Clayton, for appellant.

William L. Webster, Atty. Gen., Lee A. Bonine, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant appeals conviction and sentence for second degree murder, § 565.021 RSMo Cum.Supp.1984. A jury found defendant guilty of this crime when considering an indictment charging first degree murder, § 565.020 RSMo Cum.Supp.1984. The indictment charged that defendant, after deliberation, knowingly killed Franklin Lee Smith on August 22, 1985. The cause of death was a stab wound to the heart.

This appeal does not contest the sufficiency of the state's evidence. During his direct testimony defendant admitted stabbing Franklin Smith. He also admitted talking to the police about the situation and signing a statement for them. The statement said, "I went out there and grabbed his arm, and I thought he was going for a revolver, and I pulled *my knife* and stabbed him." (emphasis added). Defendant testified that Franklin Smith was an acquaintance; that the fight and stabbing occurred on a parking lot outside a tavern; Smith was in the bar when defendant entered; they purchased beers for one another and engaged in a pushing argument. Franklin Smith left the bar and defendant followed five to ten minutes later. Defendant and Smith then engaged in a fight which resulted in the stab wound which caused death.

The defense was justification by self-defense based on further testimony of the defendant that during the fight Smith reached for a weapon, which defendant thought was a gun, but, in fact, was the "killing" knife. Defendant acknowledged that he had been convicted of a burglary, incarcerated for the burglary and released approximately one month before the charged events.

Defendant claims to be entitled to a new trial due to three trial court errors. First, the court erred in failing to suppress defendant's statements made after the arrest because defendant was "incoherent" as a result of intoxication and because the statements were the product of coercion. Second, the court permitted Jean Summers, a bartender, to testify that defendant told her "that they [defendant and Smith] had done time together, and he [Smith] had snitched.." Defendant's objection at trial was this testimony was evidence of a prior crime for which defendant was not on trial. Finally, defendant claims that the trial court permitted the state to cross-examine defendant argumentatively concerning the credibility of the testimony of state's witnesses because this was "grossly argumen-

tative and asking for an impermissible comment upon the testimony of another." We affirm.

We find no error in permitting the state's witnesses, two police officers, to testify regarding statements made by the defendant after arrest. We first note that any doubt as to whether defendant's statements given to Officer Tubbesing and Officer Hartley were voluntary may be resolved by defendant's testimony. He did not claim coercion connected with the statement. He testified to a statement that was substantially the same as the evidence presented by Officers Tubbesing and Hartley.

■ Defendant was arrested at the scene of the fight by Officers Bunch and Tubbesing, both of whom informed defendant of his Miranda rights. Bunch testified that defendant did not appear intoxicated. Tubbesing indicated that defendant had been drinking and was "incoherent" which he defined to be a condition exhibited by slurred speech. He also described defendant's speech as mush mouthed or thick tongued which made defendant's statements hard to understand. Defendant was found to have a .11 blood alcohol content. This evidence does not support a finding that defendant did not understand his Miranda rights because of a condition of intoxication which amounted to "mania." "The fact that accused was more or less intoxicated does not exclude the confession if he had sufficient mental capacity to know what he was saying.." *State v. Smith*, 342 S.W.2d 940, 941–942 (Mo.1961). Defendant's testimony, including his clear recall of the statement which he recited, indicated that he was not so intoxicated that he did not understand his rights and that his statements were in any sense involuntary. Officer Tubbesing's testimony regarding defendant's statement was not substantially different than defendant's version. The admission of the officer's recollection of defendant's statements was not improper on the ground that defendant was intoxicated or coerced nor could there have been prejudice.

■ Officer Hartley was not at the scene of arrest. After defendant was booked at a local police station he was transported by Officer Hartley to the St. Louis County Hospital to determine his physical condition which would dictate his place of confinement, either in the hospital or in jail. Hartley testified that during that trip he did not ask any questions of defendant. However, defendant volunteered a statement that he and Smith were in Rainbow Lounge, argued over something that happened between them a couple of years prior, they left and on the way out defendant grabbed Smith by the arm, at which time Smith turned around and grabbed for a revolver or some type gun, but produced a knife. Defendant grabbed the knife and cut Smith. Defendant argues that because Hartley had failed to give defendant a Miranda warning this testimony was an inadmissible statement based on defendant's fifth and fourteenth amendment Constitutional rights. First, two other officers had given defendant his Miranda warning shortly before the statement was made. Second, the statement consists of no more than defendant testified to in his own defense. Third, the statement was not in response to any question or interrogation. The statement was a product of an essentially rational and free choice by defendant. As such, it was admissible. *Culombe v. Connecticut*, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961). On these facts we find no error in admitting Officer Hartley's testimony with regard to defendant's statements. The defendant could not have been prejudiced by admission of this evidence.

In addition, we note that the objection to the testimony of Officer Tubbesing was on the basis of a Motion to Suppress filed before trial. The grounds of the motion related only to an assertion of illegal arrest, the failure to give Miranda warnings and coercion. On these grounds the objection was properly overruled. Further, the objection to Officer Hartley's testimony regarding defendant's statements was "repetitious." This is not the ground of alleged error presented to this court. Point one is denied.

Defendant's second claim of error relates to testimony of Jean Summers, a bartender at Rainbow Lounge where the argument began. She testified on direct examination that defendant and Smith were at the bar. Defendant acted like he knew her. The prosecuting attorney asked, "What did he say to you?" She quoted defendant to have said, "that they had done time together, and he [Smith] had snitched.." Defense counsel interrupted the answer and objected on the grounds that there was "no discovery for this." We read this to be an objection that the state had not disclosed to defendant pursuant to motion the statement that defendant made to witness Summers. The court overruled the objection on that ground. In arguing this objection out of the hearing of the jury, defendant noted that this testimony was evidence of another crime, but no objection was made on that basis. Immediately after the court overruled the objection the prosecutor again asked the witness whether defendant, "..said they had done time together and had snitched on him, the person with the backpack [Smith] snitched on him?" Witness Summers answered, "Right." There was no objection to this exchange. The state argues that the statement established, "bad blood" between appellant and Smith and was admissible as proof of motive.

We find no reversible error on this claim. First, the trial court did not error in admitting this testimony over an objection relating to failure in discovery. The record does not support an objection on that ground and that issue is not argued here. Second, there are circumstances in which evidence of other crimes may be admissible if it has a legitimate tendency to establish defendant's guilt of the crime charged. *State v. Hobbs*, 687 S.W.2d 634, 635 (Mo.App.1985). This testimony tended to establish motive and the defendant was charged and tried for murder first degree, defined in § 565.020.1 RSMo Cum.Supp. 1984 to be a crime of murder after deliberation. Finally, by defendant's own testimony the question of his prior conviction and imprisonment for the crime of burglary was before the jury. The testimony about "doing time" did not cast defendant in a worse light than his own evidence.

Defendant's final point relates to error in permitting the prosecuting attorney to cross-examine the defendant in a manner requiring defendant to comment on the truthfulness or credibility of testimony offered by witnesses for the state. As an example, the prosecuting attorney asked defendant if three witnesses for the state testified defendant was "running after, basically running after" Smith. Defendant acknowledged that was their testimony. Thereafter, the following occurred:

Q. (by prosecuting attorney) Didn't you put your arm around him when you first saw him?

A. He grabbed my arm.

Q. You didn't embrace him, he grabbed you. They were all incorrect?

A. Yes.

There was an immediate objection after the last answer. These questions required the witness to comment on the testimony of other witnesses. The court *sustained* the objection as to form and instructed the jury to disregard the last question and answer. Thereafter, the prosecutor employed this technique with questions which named a state's witness and asked defendant to testify whether the witness was wrong when he testified to a certain fact. Defendant's objections before the trial court that the procedure was improper and invaded the province of the jury were overruled. No objection was made on the ground asserted here *i.e.*, that the form of questioning was grossly argumentative. It follows that the trial court could not commit error on that ground because the matter was not before the court. Further, we do not review claims of error not presented to the trial court. *State v. Toney*, 680 S.W.2d 268, 275 (Mo.App.1984). There are two additional reasons this claim of error is not well founded. Defendant used the same technique in redirect examination of the defendant and the device itself, subject to trial court discretion is not necessarily prejudicial. It was held in *State v. Willis*, 706 S.W.2d 265 (Mo.App.1986), that an objec-

tion on the ground that such questions "invaded the province of the jury" and for the witness to "draw a conclusion from the testimony from other witnesses" was not prejudicially erroneous. *Id.* at 267. Such questions may be argumentative, but that was not the objection made at trial.

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.