David SWEENEY, Movant,

v.

STATE of Missouri, Respondent.

No. 55128.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 14, 1989.

Mark McSweeney, Asst. Public Defender, Clayton, for movant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. Movant was convicted, after a jury trial, of murder in the second degree and sentenced to thirty years. He had been charged with capital murder. That conviction was affirmed on direct appeal. *State v. Sweeney*, 728 S.W.2d 629 (Mo.App. 1987).

Movant's sole point on appeal is that the trial court erred in dismissing his 27.26 motion without an evidentiary hearing because he had "alleged sufficient facts which if true would have supported [his] claims of ineffective assistance of counsel."

Movant's claim of error lacks specificity. We therefore address the issue raised in the argument portion of his brief regarding the admissibility of testimony of Jean Summers. Ms. Summers was a bartender at the bar where the argument occurred which led to the stabbing of Franklin Smith by movant in the parking lot of the bar. She testified that defendant had told her that he and the victim "had done time together, and he [victim] had snitched ..." Movant's counsel objected on the grounds that there was "no discovery for this." Movant contends that at no point did trial counsel object on the proper grounds; namely, that the State was eliciting evidence of other crimes.

This same point was thoroughly addressed and answered in *Sweeney*, 728 S.W.2d at 632. In *Sweeney*, this court found that there not only was no error in the admission of the bartender's testimony but there also was no prejudice to movant because his own testimony had revealed his prior conviction to the jury. Movant's point is denied.

The JUDGMENT is AFFIRMED.

REINHARD and CRIST, JJ., concur.